IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROSS GRIMMETT, Register No. 156223, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4017-CV-C-NKL |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ross Grimmett, an inmate confined in a Missouri penal institution, has filed a motion titled "Writ of Mandamus," identifying the State of Missouri as the respondent.[1]

Plaintiff requests this court to issue a writ of mandamus to a state court and order a change of venue in a state criminal case. Plaintiff has also filed an affidavit in support of his request to proceed in forma pauperis.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Upon review, the court notes that plaintiff's claims are subject to dismissal, pursuant to the abstention doctrine; however, plaintiff is also is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous,

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

malicious or for failure to state a claim on which relief may be granted.  See Grimmett v. Laub, No. 94-4056 (W.D. Mo. 1994) (frivolous); Grimmett v. Jet T.V. Rentals, No. 92-1967 (E.D. Mo. 1992) (frivolous); Grimmett v. MCI Telecommunications Corporation, No. 92-1912 (E.D. Mo. 1992) (frivolous); Grimmett v. Rivers, No. 91-1604 (S.D.N.Y. 1991) (failure to state a claim); Grimmett v. Miller, No. 89-4360 (W.D. Mo. 1989) (frivolous) (appeal dismissed as frivolous Feb. 8. 1990).  Therefore, although subject to being dismissed under the abstention doctrine, plaintiff's claims must be dismissed under the provisions of 28 U.S.C. § 1915(g) unless plaintiff alleges he is in "imminent danger of serious physical injury."  Plaintiff's instant claims fail to allege that he faces "imminent danger of serious physical injury"; thus, plaintiff should be denied leave to proceed in forma pauperis under section 1915.

However, as set forth above, even if plaintiff was not proceeding under section 1915, his claims should be dismissed for failure to state a claim under 42 U.S.C. § 1983, pursuant to the abstention doctrine.  It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts.  See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943).  In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court specifically directed "federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords adequate opportunity to raise the federal questions presented."  Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (citing Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996)).  A federal court cannot grant injunctive relief that would interfere with ongoing state criminal prosecutions.  Younger, 401 U.S. at 45; Moore v. Inman, 210 Fed. Appx. 550, *1 (8th Cir. 2006) (unpublished).  Plaintiff's request for an order changing venue in his state criminal proceeding clearly involves a still-pending proceeding and implicates the state's important interest in managing state criminal matters.  Moreover, plaintiff has failed to set forth any federal question that he does not have an opportunity to raise in state court.  Plaintiff's claim is one from which this court must abstain.

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915(g),

2

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge